FILED
JAMES J. VILT JR., CLERK
U.S. DISTRICT COURT
W/D OF KENTUCKY

Date: Nov 20, 2025

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:22-CV-469-CHL

**CHARLES A. WHAYNE,**                                              **Plaintiff,**

v.

**DHIA AL-TAMIMI,**                                                 **Defendant.**

## JURY INSTRUCTIONS

**Members of the Jury**, now that you have heard all of the evidence and the argument of the attorneys, I will give you instructions on the law applicable to this case and how to reach a verdict.

It is your duty as jurors to follow the law stated in the instructions and to apply it to the facts you find from the evidence.

Do not single out one instruction alone as stating the law. Rather, consider the instructions as a whole.

Do not let the wisdom of any rule of law concern you. You must apply the law in these instructions whether you agree with it or not.

Nothing I say in these instructions indicates I have any opinion about the facts.

It is your duty to determine the facts. In so doing, you must consider only the evidence I have admitted. The term "evidence" includes the sworn testimony of the witnesses—both live and by deposition—and the exhibits admitted in the record. It is your own interpretation and recollection of the evidence that controls. You are permitted to draw reasonable inferences, deductions, and conclusions from the evidence that you feel are justified in the light of your own common sense. The attorneys' statements, objections, and arguments are not evidence. What

the lawyers have said is not binding upon you. My legal rulings are not evidence, and my comments and questions are not evidence.

By telling you to consider the evidence, I do not mean to suggest that you must necessarily accept all of the evidence as true or accurate. You are the sole judges of the credibility or believability of each witness and the weight to be given their testimony. You may measure the credibility of any witness by considering their demeanor on the witness-stand, their frankness or lack of it, and their interest in the outcome of the case, if any. You are free to believe everything that a witness said, only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

A witness may be discredited or impeached by contradictory evidence or by evidence that the witness said or did something—or failed to say or do something—at some other time that is inconsistent with the witness's present testimony. If you believe any witness has been impeached, and thus discredited, you may determine the weight, if any, to give such a conclusion.

There are two types of evidence: "direct evidence" and "circumstantial evidence." Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness saw, heard, or did. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Circumstantial evidence is proof of one or more facts from which one could find another fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining. The law neither makes a distinction between the weight that you should give to either one, nor does it say that one is any better

evidence than the other. It is your job to decide how much weight to give the direct and circumstantial evidence.

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. There is an exception for a witness who by education and experience has become an expert in any art, science, or profession to state an opinion and the reasons for it. Expert witnesses state their opinions as to matters in which they profess to be expert and may also state their reasons for their opinions. You should consider this evidence and give it such weight as you, in the application of your common sense, think it deserves. If you conclude that the reasons supporting an opinion are not sound or that other credible evidence or expert opinions outweigh the opinion of a particular expert, then you may reject that opinion in whole or in part.

The number of witnesses testifying does not necessarily determine the weight you should give testimony. The quality and credibility of the evidence is usually more important in your deliberations. Likewise, the number or length of exhibits does not determine the weight you should give to the exhibits.

Perform your duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law, and are to be treated as equals.

A plaintiff has the burden in a civil action, such as this, to prove every essential element of plaintiff's claim by a preponderance of the evidence. If plaintiff should fail to establish any essential element of plaintiff's claim by a preponderance of the evidence, you should find for defendant as to that claim.

To "establish by a preponderance of the evidence" means that the evidence, as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and even change your opinion if you become convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

During your deliberations, you must not discuss the case with anyone outside of the jury or provide to or receive from anyone outside of the jury any information about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Android, or computer; the Internet, any Internet service, or any text or instant messaging service; or any Internet chat room, blog, or website, such as Facebook, LinkedIn, Instagram, YouTube, Snapchat, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I have accepted your verdict.

Upon retiring to the jury room, you will select one of you to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court.

If you have any questions or messages, the foreperson must write them down on a piece of paper, sign them, and then give them to the Court Security Officer. Do not ever write down or tell anyone, including me, how you stand on your votes. The Court Security Officer will give any notes to me, and I will respond as soon as I can. Please understand that I may decide that it would be inappropriate for me to answer a particular question. If I do that, it is not meant as a criticism of the question but rather reflects my decision that the law does not permit me to answer a particular question.

Verdict Forms have been prepared for your convenience. You will take these forms to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in the Verdict Forms with respect to each issue on which you unanimously agree. The foreperson will then date the forms and sign them with his or her name and jury number. You will then advise the Court Security Officer that you are ready to return to the courtroom with your verdict.

I will now read the specific instructions. You should consider and answer them in the order in which they appear.

## INSTRUCTION NO. 1: EIGHTH AMENDMENT
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

Title 42, United States Code, Section 1983, makes it unlawful for any person acting under color of state law to deprive another person of the rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

Plaintiff Charles Whayne alleges that Defendant Dhia Al-Tamimi deprived him of his constitutional rights when Defendant Al-Tamimi used excessive force against him in violation of Plaintiff Whayne's Eighth Amendment right to be free from cruel and unusual punishment.

In order to establish his claim under 42 U.S.C. § 1983, Plaintiff Whayne must prove each of the following by a preponderance of the evidence:

(1) Defendant Al-Tamimi intentionally used force on Plaintiff Whayne;

(2) Defendant Al-Tamimi did so for the purpose of harming Plaintiff Whayne and not in a good faith effort to maintain or restore discipline;

(3) Defendant Al-Tamimi's conduct harmed Plaintiff Whayne; and

(4) Defendant Al-Tamimi acted under color of law.

In deciding under element two whether Plaintiff Whayne has proved that Defendant Al-Tamimi used force for the purpose of harming Plaintiff Whayne, you should consider all of the circumstances. When considering all the circumstances, among the factors you may consider are the need to use force, the relationship between the need to use force and the amount of force used, the extent of Plaintiff Whayne's injury, whether Defendant Al-Tamimi reasonably believed there was a threat to the safety of staff or prisoners, and any efforts made by Defendant Al-Tamimi to limit the amount of force used.

In deciding under element three whether Defendant Al-Tamimi's conduct harmed Plaintiff Whayne, Plaintiff Whayne does not need to prove that he suffered a serious injury. If

Defendant Al-Tamimi's use of force caused pain to Plaintiff Whayne, that is sufficient harm even if Plaintiff Whayne did not require medical attention or did not have long lasting injuries.

      The Parties stipulate to the fourth element that Defendant Al-Tamimi acted under color of state law.  Therefore, you must find the fourth element proven.

## **INSTRUCTION NO. 2: BATTERY**

Plaintiff Charles Whayne alleges that Defendant Dhia Al-Tamimi committed battery through his use of OC spray on Plaintiff Whayne.  To succeed on this claim, Plaintiff Whayne must prove each of the following by a preponderance of the evidence:

(1) Defendant Al-Tamimi deployed OC spray at Plaintiff Whayne with the intention of hitting him with OC spray; and

(2) Plaintiff Whayne was hit with OC spray.

However, if you are satisfied from the evidence that upon the occasion in question, Defendant Al-Tamimi did not use any more force than was necessary or that appeared to him in the exercise of reasonable judgment to be necessary to maintain or restore security and order, you will find for Defendant Al-Tamimi.

## **INSTRUCTION NO. 3: COMPENSATORY DAMAGES**

If you find in favor of Plaintiff Charles Whayne on any of the claims against Defendant Dhia Al-Tamimi, you will award him an amount of money that will fairly compensate him for any injury you find he sustained as a direct result of Defendant Al-Tamimi's conduct.

Compensatory damages seek to make a plaintiff whole—that is, to compensate him for the damage suffered. Compensatory damages are not limited merely to expenses that a plaintiff may have borne. A prevailing plaintiff is also entitled to compensatory damages for embarrassment and humiliation, pain and suffering, mental anguish, shock, and discomfort that he suffered because of a defendant's conduct. There is no exact standard for setting the damages to be awarded for these types of damages. You are to determine an amount that will fairly compensate Plaintiff Whayne for the injury he has sustained. A plaintiff must prove his damages by a preponderance of the evidence.

## **INSTRUCTION NO. 4: NOMINAL DAMAGES**

If you find for Plaintiff Charles Whayne on Instruction No. 1, Excessive Force, but also that he did not prove compensatory damages, then you must award nominal damages of one dollar ($1.00).  A person whose federal rights were violated is entitled to a recognition of that violation even if he suffered no actual injury.  Nominal damages are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

## **INSTRUCTION NO. 5: PUNITIVE DAMAGES**

If you find for Plaintiff Charles Whayne and award him a sum or sums in damages and if you are further satisfied by clear evidence that Defendant Dhia Al-Tamimi, in his conduct toward Plaintiff Whayne, acted in reckless disregard for the lives, safety, or property of others, including Plaintiff Whayne, you may in your discretion award punitive damages against Defendant Al-Tamimi in addition to compensatory or nominal damages.

Your discretion to determine and award an amount, if any, of punitive damages is limited to the following factors:

- The harm to Plaintiff Whayne caused by Defendant Al-Tamimi's conduct toward Plaintiff Whayne as measured by the damages you have awarded; and

- The degree, if any, to which you have found from the evidence that Defendant Al-Tamimi's conduct was reprehensible, considering:

    o whether the harm caused was physical as opposed to economic;

    o the degree to which Defendant Al-Tamimi's conduct evidenced an indifference to, or a reckless disregard for, the health or safety of others; and

    o the degree to which Defendant Al-Tamimi's conduct involved repeated actions as opposed to an isolated incident.

"Punitive damages" are damages awarded against a defendant for the purpose of punishing him for his misconduct in this case and deterring him and others from engaging in similar conduct in the future.

11

If you award punitive damages, they must be fixed with calm discretion and sound reason; they must never be either awarded or fixed in amount because of sympathy, bias, or prejudice with respect to either party.

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:22-CV-469-CHL**

**CHARLES A. WHAYNE,**                                                                                          **Plaintiff,**

**v.**

**DHIA AL-TAMIMI,**                                                                                              **Defendant.**

**VERDICT FORM NO. 1: EIGHTH AMENDMENT**
**EXCESSIVE FORCE UNDER 42 U.S.C. § 1983**

**We, the Jury**, are satisfied from the evidence that Defendant Dhia Al-Tamimi used excessive force against Plaintiff Charles Whayne:

_____ YES          _____ NO

_____
FOREPERSON'S SIGNATURE

_____
FOREPERSON'S JUROR NUMBER

_____
DATE

If you answered YES to Verdict Form No. 1, please proceed to Verdict Form No. 2.

If you answered NO to Verdict Form No. 1, please proceed to Verdict Form No. 4.

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CIVIL ACTION NO. 3:22-CV-469-CHL

**CHARLES A. WHAYNE,**                                                                 **Plaintiff,**

v.

**DHIA AL-TAMIMI,**                                                                 **Defendant.**

## VERDICT FORM NO. 2: COMPENSATORY DAMAGES
## FOR EXCESSIVE FORCE

**We, the Jury**, are satisfied from the evidence that Plaintiff Charles Whayne suffered damages as a result of Defendant Dhia Al-Tamimi's excessive force:

_____ YES          _____ NO

If yes, please state the amount of damages caused by Defendant Dhia Al-Tamimi's actions:

$ _____

The amount of damages you award on this Verdict Form and the amount of damages you award, if any, on Verdict Form No. 5 cannot exceed $200,000 when combined.

_____
FOREPERSON'S SIGNATURE

_____
FOREPERSON'S JUROR NUMBER

_____
DATE

If you answered YES to Verdict Form No. 2, please proceed to Verdict Form No. 4.

If you answered NO to Verdict Form No. 2, please proceed to Verdict Form No. 3.

If you answer NO to Verdict Form No. 1, please leave this page blank.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:22-CV-469-CHL

**CHARLES A. WHAYNE,**                                                                                **Plaintiff,**

**v.**
**DHIA AL-TAMIMI,**                                                                                      **Defendant.**

**VERDICT FORM NO. 3: NOMINAL DAMAGES
FOR EXCESSIVE FORCE**

**We, the Jury**, are satisfied from the evidence that Plaintiff Charles Whayne did not suffer any actual damages as a result of Defendant Dhia Al-Tamimi's actions and award nominal damages in the amount of one dollar ($1.00):

$ _____

_____
FOREPERSON'S SIGNATURE

_____
FOREPERSON'S JUROR NUMBER

_____
DATE

After answering Verdict Form No. 3, please proceed to Verdict Form No. 4.

If you answered NO to Verdict Form No. 1 or YES to Verdict Form No. 2, please leave this page blank and proceed to Verdict Form No. 4.

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:22-CV-469-CHL**

**CHARLES A. WHAYNE,**                                                                   **Plaintiff,**

v.

**DHIA AL-TAMIMI,**                                                                       **Defendant.**

## VERDICT FORM NO. 4: BATTERY

**We, the Jury**, are satisfied from the evidence that Defendant Dhia Al-Tamimi committed battery against Plaintiff Charles Whayne and that Defendant Dhia Al-Tamimi used more force than was necessary or appeared to him in the exercise of reasonable judgment to be necessary in order to maintain or restore security and order:

    _____ YES    _____ NO

_____
FOREPERSON'S SIGNATURE

_____
FOREPERSON'S JUROR NUMBER

_____
DATE

If you answered YES to Verdict Form No. 4, please proceed to Verdict Form No. 5.

If you answered NO to Verdict Form No. 4 and YES to Verdict Form No. 1, please proceed to Verdict Form No. 6.

If you answer NO to Verdict Form No. 4 and Verdict Form No. 1, please notify the Court Security Officer that your deliberations are at an end.

4

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION
## CIVIL ACTION NO. 3:22-CV-469-CHL

**CHARLES A. WHAYNE,**                                                                                **Plaintiff,**

v.

**DHIA AL-TAMIMI,**                                                                                       **Defendant.**

### VERDICT FORM NO. 5: COMPENSATORY DAMAGES FOR BATTERY

**We, the Jury**, are satisfied from the evidence that Plaintiff Charles Whayne suffered damages as a result of Defendant Dhia Al-Tamimi's battery:

      _____ YES       _____ NO

If yes, please state the amount of damages caused by Defendant Dhia Al-Tamimi's actions:

$ _____

The amount of damages you award on this Verdict Form and the amount of damages you awarded, if any, on Verdict Form No. 2 cannot exceed $200,000 when combined.

_____
FOREPERSON'S SIGNATURE

_____
FOREPERSON'S JUROR NUMBER

_____
DATE

Please proceed to Verdict Form No. 6.

If you answered NO to Verdict Form No. 4, please leave this page blank.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:22-CV-469-CHL

**CHARLES A. WHAYNE,**                                                                                          **Plaintiff,**

**v.**

**DHIA AL-TAMIMI,**                                                                                         **Defendant.**

## **VERDICT FORM NO. 6: PUNITIVE DAMAGES**

**We, the Jury**, are satisfied from the evidence that Defendant Dhia Al-Tamimi acted in reckless disregard for the lives, safety or property of others, including Plaintiff Charles Whayne:

                           _____ **YES**          _____ **NO**

If yes, please state the amount of damages you believed Defendant Dhia Al-Tamimi should be required to pay for his conduct:

       $ _____ (not to exceed $250,000.00)


                                                   _____
                                                   FOREPERSON'S SIGNATURE


                                                   _____
                                                   FOREPERSON'S JUROR NUMBER


                                                   _____
                                                   DATE

Please notify the Court Security Officer that your deliberations are at an end.